**17-3342**
*United States v. Levin*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand and nineteen.

Present:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> DENNY CHIN,
> > *Circuit Judges.*

---

JEREMY LEVIN, LUCILLE LEVIN,

> *Petitioners-Appellants*,

v.                                        17-3342

UNITED STATES OF AMERICA,

> *Appellee.*\*

---

---

\* The Clerk of the Court is directed to amend the official caption as set forth above.

For Petitioners-Appellants:         Suzelle M. Smith, Howarth & Smith, Los Angeles, CA.

For the Government:         Michael D. Lockard, Daniel M. Tracer, Daniel B. Tehrani, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

———————————

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

We assume the parties' familiarity with the matter and discuss the underlying facts and law only as necessary to resolve the issues before us.

The Petitioners-Appellants Jeremy Levin and Dr. Lucille Levin are individuals who obtained a terrorism-related judgment in 2007 against the Islamic Republic of Iran. *See generally Levin v. Islamic Republic of Iran*, 529 F. Supp. 2d 1 (D.D.C. 2007). In December 2009, the Government published notice on an official website that it was seeking the forfeiture of property belonging to the Alavi Foundation, including the commercial skyscraper 650 Fifth Avenue located in Midtown Manhattan. In 2015, the Levins filed a claim asserting an interest in the same property.

The United States District Court for the Southern District of New York (Forrest, *J.*) dismissed the Levins' claims on three grounds. We consider only the court's conclusion that the claim was untimely under Rule G(5) of the Supplemental Rules for Admiralty

and Maritime. Our review is *de novo*. *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004).

We hold that the Levins' claim was untimely under Rule G(5). Because the Government provided adequate notice of its forfeiture suit on an official website, Rule G(5) requires third-party claimants interested in the same property to file a claim "no later than 60 days after [the notice is published]." Supp. R. G(5)(a)(ii)(B). Describing the similar requirements of Rule C(6), which also concerns responsive pleadings, we have held that "[s]trict compliance with [Rule C(6)] is typically required." *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993). The Levins have offered no compelling reason to excuse their five-year delay.

The Levins additionally argue that the Terrorism Risk Insurance Act ("TRIA") preempts Rule G(5) in this action. They rely on § 201 of TRIA, which states that "[n]otwithstanding any other provision of law, . . . the blocked assets of [a] terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy [a] judgment [against the terrorist party]." TRIA § 201(a), codified at 28 U.S.C. § 1610 note. But a different issue is before us: whether the Levins can seek a distribution of property *seized by the Government*. We do not understand TRIA § 201's "notwithstanding" clause to extend so far.

We have considered the Levins' remaining arguments and find that they are meritless. We **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk